Hall, Justice.
Russell brought suit against Lamar, Rankin & Lamar, and alleged in his declaration that the defendants, as partners, were engaged in the sale of drugs and medicines and in the drug business, in the city of Macon, and were indebted to him in the sum of $130.12, with interest; that plaintiff was, on or about the 1st of August, 1883, employed by Lamar, Rankin & Lamar to clerk in their drug-store in Macon, in which position he remained during the year 1884-, and until about March, 1885; that during this time, and while so employed, he was the owner and proprietor of a formula for making a preparation which he called “ axle-grease,” a compound gotten up by him and known and sold as “Russell’s axle-grease;” that after making and selling this preparation for some time, and it being in some degree popular and sought after, Henry J. Lamar, Jr., one of the firm of said Lamar, Rankin & Lamar, voluntarily told him that he would allow him a liberal royalty on the sale of said Russell’s axle-grease; whereupon he compounded and sold said axle-grease solely from the drug-store o.f said Lamar, Rankin <fc Lamar, giving them the full benefit of all the profits from the sale of said “ medicine;” and while said Lamar, Rankin & Lamar did not advertise said axle-grease, petitioner, under the promise of a royalty, pushed the preparation as much as he could, and sold a quantity of the same, to-wit, fifteen and two-thirds dozen bottles, small, and twenty-six and five-twelfths dozen bottles, large. Petitioner showed that at the time of the agreement between himself and said Lamar, Rankin & Lamar, there was no amount fixed or specified as to what petitioner’s royalty should be; that petitioner was reasonably entitled to half of the net profits *309 on the sale of said axle-grease, as a moderate and fair royalty, “ his knowledge and skill being pitted against simply the cost of the preparation.”
At the hearing of the case, the declaration was demurred to, upon the ground that it set forth no cause of action. Pending said demurrer, the following amendment was made, viz., by erasing the word “ voluntarily,” in the second sentence of the second paragraph of the declaration, and otherwise amending said second sentence, so that the same would read thus: “ That after making and selling this preparation for some time, and it becoming to some degree popular and sought after, said firm of Lamar, Rankin & Lamar promised and agreed with petitioner that they would, in consideration of his services in compounding and selling said preparation, and as it was plaintiff’s recipe, allow him a liberal royalty, to-wit, half of the net profits from the sale of the same, in addition to his regular salary as clerk for said firm.” To which amendment counsel for defendants objected, upon the ground that it introduced a new cause of action, and upon the further ground that there was nothing in the original declaration to amend by, which objections were overruled, and plaintiff had a verdict; whereupon the defendants moved for a new trial on various grounds, which, being overruled and disallowed, the case was brought to this court upon exceptions. None of the grounds of the motion insisted on, save those in relation to the sufficiency of the suit as it originally stood, and to the amendment allowed by the court, that Lamar, Rankin & Lamar were not liable on a voluntary promise made by Henry J. Lamar, Jr., one of the members of said firm, need be discussed. If there was any liability at all, it was the individual and personal liability of Henry J. Lamar, Jr., and not that of the firm by which he was employed. But Henry J. Lamar could not be held liable upon a promise unsupported by any valuable consideration. His was a mere gratuitous promise, as was also that set out in the amendment, alleged to have been made by the firm; *310 and as an employe of the firm, they were entitled to the skill and services of the plaintiff, and he was paid therefor in the salary agreed on between them.
But apart from this fatal objection, we are of opinion that there was nothing in that declaration on which an amendment could be founded; and we are further of opinion that this amendment introduced an entirely new and different cause of action from that set out in the original declaration. Code, §§3479, 3480.
For these reasons we order the judgment reversed.